Case 1:04-cv-02372-DDD-JDK Document 1 Filed 11/18/04 Page 1 of 3

RECEIVED
NOV 1 8 2004
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
NOV 1 8 2004
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ADAMS AND REESE, LLP | CV04-2372-A |
| Plaintiff, | CIVIL ACTION NO. |
| VERSUS | JUDGE DRELL |
| | JUDGE |
| JP MORGAN CHASE BANK, N.A. | MAGISTRATE JUDGE KIRK |
| Defendant. | MAGISTRATE JUDGE |

## COMPLAINT

Adams and Reese, LLP ("Adams and Reese") brings this action against JP Morgan Chase Bank, N.A., a national association, as successor to Bank One, N.A. ("Bank One"), and states as follows:

### PARTIES

1.

Adams and Reese, the plaintiff, is a partnership, all of whose partners are citizens of the States of Louisiana, Texas, Mississippi, Alabama, or Virginia. None of the partners are citizens of the States of Ohio or New York.

2.

Bank One, the defendant, is a national association located in, and thus a citizen of, the State of New York, which is the state of its principal place of business, and of the State of Ohio, which is the state listed in its organization certificate.

### JURISDICTION

3.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### VENUE

4.

Venue lies in this district pursuant to 28 U.S.C. § 1391(c) because Bank One conducts business here and is subject to personal jurisdiction here.

### FACTS

5.

Adams and Reese had, and continues to have, possessory and other rights in funds represented by certain checks.

6.

Bank One accepted these checks made payable to and endorsed by one entity, and deposited those checks into accounts of different entities maintained at Bank One.

7.

By improperly accepting the checks, Bank One converted the checks in derogation of Adams and Reese's possessory and other rights.

8.

This conversion constituted an intentional tort against Adams and Reese in accordance with Louisiana jurisprudence, and caused monetary loss to Adams and Reese.

9.

Adams and Reese never consented to or ratified Bank One's conversion.

**WHEREFORE**, Adams and Reese, LLP prays that after due proceedings had, judgment be entered in its favor and against JP Morgan Chase Bank, N.A., in the amount of the monetary loss, and for all other just and equitable relief to which Adams and Reese, LLP may be entitled.

Respectfully submitted:

*[signature]*

Stephen H. Kupperman, 7890
Edward R. Wicker, 27138
Michael J. Haskell, 28926
Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
LL&E Tower, Suite 1800
909 Poydras Street
New Orleans, Louisiana 70112
Telephone (504) 589-9700

Attorneys for Adams and Reese, LLP

42966